IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| v. | : JURY TRIAL DEMANDED |
| HILL-ROM HOLDINGS, INC., WILLIAM G. DEMPSEY, JOHN P. GROETELAARS, GARY L. ELLIS, STACY ENXING SENG, MARY GARRETT, JAMES R. GIERTZ, WILLIAM H. KUCHEMAN, GREGORY J. MOORE, FELICIA F. NORWOOD, and NANCY M. SCHLICHTING, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On September 1, 2021, Hill-Rom Holdings, Inc. ("Hill-Rom" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Baxter International Inc. ("Baxter") and Bel Air Subsidiary, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Hill-Rom's stockholders will receive $156.00 in cash per share.

3. On October 20, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Hill-Rom common stock.

9. Defendant Hill-Rom is an Indiana corporation. Hill-Rom's common stock is traded on the New York Stock Exchange under the ticker symbol "HRC."

10. Defendant William G. Dempsey is Chairman of the Board of Directors of Hill-Rom (the "Board").

11. Defendant John P. Groetlaars is President, Chief Executive Officer and a member of the Board.

12. Defendant Gary L. Ellis is a member of the Board.

13. Defendant Stacy Enxing Seng is a member of the Board.

14. Defendant Mary Garrett is a member of the Board.

15. Defendant James R. Gietz is a member of the Board.

16. Defendant William H. Kucheman is a member of the Board.

17. Defendant Gregory J. Moore is a member of the Board.

18. Defendant Felicia F. Norwood is a member of the Board.

19. Defendant Nancy M. Schlichting is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. Hill-Rom is a global medical technology leader.

22. On September 1, 2021, Hill-Rom entered into the Merger Agreement.

23. The press release announcing the Proposed Merger provides as follows:

Baxter International Inc. (NYSE:BAX), a leading global medical products company, and Hillrom (NYSE:HRC), a global medical technology leader, today announced that the companies have entered into a definitive agreement under which Baxter has agreed to acquire Hillrom for $156.00 per share in cash for a total equity value of approximately $10.5 billion and a total enterprise value of approximately $12.4 billion, including the assumption of debt.

Hillrom brings a highly complementary product portfolio and innovation pipeline that will enable Baxter to provide a broader array of medical products and services to patients and clinicians across the care continuum and around the world, facilitating the delivery of healthcare that is patient- and customer-centered and focused on improving clinical outcomes. The combination is also expected to accelerate the companies' expansion into digital and connected care solutions that are increasingly enabling patients with access to hospital-level care at home or in other care settings.

"Baxter and Hillrom share a common vision for transforming healthcare to better serve all patients and providers," said José (Joe) E. Almeida, Baxter's chairman, president and chief executive officer. "Patients increasingly want to receive their care at home or nearby, while hospitals and other care providers are increasingly using digital health technologies to expand access, improve quality and lower costs. Baxter and Hillrom are uniting to meet the challenges of a rapidly evolving global healthcare landscape, while also creating significant value for all the stakeholders we serve. We're very excited to welcome the Hillrom team to Baxter, and to join together to advance our mission to save and sustain lives."

John Groetelaars, Hillrom's president and chief executive officer, said, "We are proud of the steps we have taken to transform Hillrom into a medical technology leader with an innovative portfolio of connected care solutions. Today's milestone announcement represents a win-win for all stakeholders. Patients and caregivers will benefit from enhanced capabilities across the continuum of care, our shareholders will receive a significant and immediate premium for their investment, and our employees will benefit from being part of a larger, stronger company with accelerated growth opportunities. Baxter is the ideal partner to enhance our global reach and realize the true potential of our vision to accelerate medical innovation around the world. With our shared patient-centric cultures, we look forward to seamlessly bringing our two companies together."

**Strategic Rationale**

The Baxter-Hillrom combination will expand access to Hillrom's portfolio globally; broaden the presence of the combined companies across sites of care; accelerate and strengthen the combined organization's digital transformation; and is expected to generate compelling financial returns for Baxter's shareholders.

Key benefits of the acquisition include:

***A common vision for transforming healthcare to improve efficiencies and clinical outcomes, drive actionable insights and lead across the care continuum:*** The complementary product offering of the combined companies will support the patient in the hospital, at home, and in alternate sites of care, allowing better integration and coordination of healthcare delivery.

***A strengthened portfolio with opportunity to accelerate digitally-enabled connected healthcare and expand penetration of combined solutions worldwide:*** The companies' combined capabilities in therapeutic delivery, monitoring, blood purification, diagnostics and communications for patients and caregivers will enhance opportunities for truly connected care that result in better patient outcomes, improved workflow efficiencies and data-driven insights while lowering healthcare costs overall.

***A robust combined platform for shareholder value creation through meaningful anticipated synergies with a continued commitment to strong cash flow generation:*** The transaction provides a significant opportunity to build upon Baxter's established global infrastructure to grow Hillrom's international business, which currently represents approximately one-third of Hillrom's total 2020 revenue. It should also meaningfully enhance Baxter's earnings growth through the realization of substantial cost synergies and potential opportunities to accelerate revenue growth over the longer term.

*A shared culture that values inclusivity, innovation and corporate responsibility:* The combination unites two organizations that have each been recognized for achievements in workplace diversity and corporate responsibility, and for fostering an environment that supports and encourages high performance, respect for individuals, and professional growth.

**Transaction Highlights**

Upon completion of the transaction, Baxter will pay $156.00 in cash for each outstanding share of Hillrom common stock for a purchase price of $10.5 billion. Baxter will also assume Hillrom's outstanding debt and cash, for a total enterprise value of $12.4 billion. The purchase price represents a 26% premium to Hillrom's closing stock price on July 27, 2021, the last trading day prior to media reports speculating about a potential transaction.

Baxter expects the combination to result in approximately $250 million of annual pre-tax cost synergies by the end of year three. This estimate excludes any benefit from potential new revenue growth opportunities resulting from the combination of the two organizations.

The transaction is expected to be low double-digit accretive to Baxter's adjusted earnings per share (EPS) in the first full year post close, increasing to more than 20% by year three. The transaction is also expected to expand Baxter's overall adjusted EBITDA margins over the medium-term and deliver strong cash flow generation with a high single-digit return on invested capital (ROIC) expected by year five.

Baxter will finance the transaction through a combination of cash and fully committed debt financing. At closing, Baxter estimates that it will have net leverage of approximately 4.2x net debt to pro forma[1] adjusted EBITDA of the combined companies (as estimated by Baxter management). Baxter is committed to an investment grade credit rating and deleveraging to 2.75x net leverage within two years of closing.

**Approvals and Timing**

The Boards of Directors of both companies have unanimously approved the acquisition. The transaction is subject to the approval of Hillrom shareholders and the satisfaction of customary closing conditions, including regulatory approvals. The transaction is expected to close by early 2022.

**Advisors**

Perella Weinberg Partners LP is acting as lead financial advisor to Baxter. J.P. Morgan and Citi are also serving as financial advisors to Baxter and have committed to provide fully committed financing. Sullivan & Cromwell LLP is serving as legal advisor to Baxter. Goldman, Sachs & Co. LLC is serving as lead financial advisor and BofA Securities is serving as financial advisor to Hillrom. Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Hillrom.

24. On October 20, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

25. The Proxy fails to disclose material information regarding Hill-Rom's financial projections, specifically: the line items used to calculate the financial projections.

26. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

27. The Proxy fails to disclose material information regarding the financial analyses performed by Goldman, Sachs & Co. LLC ("Goldman Sachs") and BofA Securities ("BofA"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28. Regarding Goldman Sachs' Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by Goldman Sachs; (iii) the net debt utilized by Goldman Sachs; and (iv) the number of fully diluted outstanding shares of Company common stock utilized by

Goldman Sachs.

29. Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rate utilized by Goldman Sachs; and (ii) the projected dividends paid utilized by Goldman Sachs.

30. Regarding Goldman Sachs' Premia Analysis, the Proxy fails to disclose: (i) the transactions observed by Goldman Sachs; and (ii) the premiums paid in the observed transactions.

31. Regarding Goldman Sachs' Selected Transactions Analysis, the Proxy fails to disclose: (i) the closing dates of the transactions observed by Goldman Sachs; and (ii) the total values of the observed transactions.

32. Regarding BofA's Selected Publicly Traded Companies Analysis, the Proxy fails to disclose the individual multiples for the companies utilized by BofA.

33. Regarding BofA's Selected Precedent Transactions Analysis, the Proxy fails to disclose: (i) the individual multiples for the transactions utilized by BofA; (ii) the closing dates of the transactions utilized by BofA; and (iii) the total values of the transactions utilized by BofA.

34. Regarding BofA's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates utilized by BofA; (iii) the net debt utilized by BofA; and (iv) the number of fully diluted outstanding shares of Company common stock utilized by BofA.

35. Regarding BofA's Wall Street Analysts analyses, the Proxy fails to disclose: (i) the price targets utilized by BofA; (ii) the sources of the price targets utilized by BofA; and (iii) the inputs and assumptions underlying the discount rate utilized by BofA.

## COUNT I

**Claim Against the Individual Defendants and Hill-Rom for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

36. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

38. Hill-Rom is liable as the issuer of these statements.

39. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

40. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

42. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

43. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

44. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

45. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

46. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

47. The Individual Defendants acted as controlling persons of Hill-Rom within the meaning of Section 20(a) of the Exchange Act as alleged herein.

48. Due to their positions as officers and/or directors of Hill-Rom and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

51. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Proxy.

52. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

53. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

54. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

55. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: November 12, 2021          **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*